**JON M. SANDS**
Federal Public Defender
District of Arizona
**M. EDITH CUNNINGHAM**
Assistant Federal Public Defenders
State Bar No. 21040
407 West Congress, Suite 501
Tucson, Arizona 85701-1355
Telephone: (520) 879-7500
edie_cunningham@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Filiberto Hernandez-Garcia,<br><br>　　　　　Defendant. | CR No. 13-1354-TUC-JGZ<br><br>**OBJECTIONS TO PRESENTENCE REPORT AND SENTENCING MEMORANDUM** |

　　　Defendant, Filiberto Hernandez-Garcia, through undersigned counsel, hereby submits these objections to the presentence report and this sentencing memorandum in support of his request for a time-served sentence.

　　　RESPECTFULLY SUBMITTED July 15, 2015.

　　　　　　　　　　　　　　　　　　　JON M. SANDS
　　　　　　　　　　　　　　　　　　　Federal Public Defender

　　　　　　　　　　　　　　　　　　　 *s/ M. Edith Cunningham*
　　　　　　　　　　　　　　　　　　　M. EDITH CUNNINGHAM
　　　　　　　　　　　　　　　　　　　Assistant Federal Public Defender

# MEMORANDUM

**Introduction:**

The revised Presentence Report (PSR) correctly calculates the guideline range as 8 to 14 months, based on Offense Level 10 and Criminal History Category II. PSR at pp. 4, 11. The Court of Appeals held that Mr. Hernandez-Garcia's prior Wisconsin conviction for third degree sexual assault, Wis. Stat. § 940.225(3), does not qualify as a crime of violence under U.S.S.G. §2L1.2. *United States v. Hernandez-Garcia*, 2015 WL 3560040 (9th Cir. 2015) (unpublished).

The PSR recommends three years of supervised release and a time-served sentence of 24 months, 11 day based on a four-level upward departure due to the nature of the prior felony conviction. PSR at p. 11. Mr. Hernandez-Garcia agrees that a time-served sentence is the only appropriate sentence. But, as explained below, any upward departure or variance would be improper under the circumstances—even if it results in a time-served sentence. Moreover, Mr. Garcia asks the Court to impose no term of supervised release.

The government has extended a sentencing agreement to time-served, with all other terms—including any term of supervised release—to be determined by the Court in its discretion. Undersigned counsel anticipates that Mr. Hernandez-Garcia will accept this agreement, which includes a waiver of appeal rights. He is not yet back in Arizona. If he signs the agreement as anticipated, it will be presented to the Court at the resentencing hearing.

**I.      Objections to PSR**

The PSR asserts that Mr. Hernandez's prior conviction for Wisconsin third degree sexual assault "involved [him] having sexual intercourse with a developmentally delayed child who was under the age of 16." PSR at p. 11. On that basis, the PSR recommends a four-level upward departure, resulting in a guideline range of 18-24 months. The offense allegedly occurred almost 14 years ago.

The PSR's suggestion of an upward departure would circumvent the rules of *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005), as clarified in *Descamps v. United States*, 133 S. Ct. 2276 (2013), which preclude sentence enhancements based on prior convictions unless they qualify under the categorical or modified categorical approach. Under *Taylor*, "courts may 'look only to the statutory definitions' – i.e., the elements – of a defendant's prior offenses, and not 'to the particular facts underlying those convictions.'" *Descamps*, 133 S. Ct at 2283 (quoting *Taylor*, 495 U.S. at 600).  "[T]he district court [cannot] circumvent the *Shepard* rule by supporting its decision to upwardly depart on facts it was prohibited from considering [under the *Taylor* categorical approach] when determining whether sentencing enhancements were warranted." *United States v. Williams*, 373 Fed. App'x 451, 455 (5th Cir. 2010) (unpublished) (error for court to depart based on defendant being a career offender, when the prior offense did not qualify as such under U.S.S.G. § 4B1.2 using the categorical approach) (citing *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 255

3

(5th Cir. 2009) (invalidating an upward departure under U.S.S.G. § 5K2.0 when the offense did not qualify for a 16-level enhancement under U.S.S.G. § 2L1.2)).

Moreover, in imposing sentence, the Court may only consider information that "has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3 (a); *United States v. Petty,* 982 F.2d 1365, 1369 (9th Cir. 1993) (due process requires reliability of information considered at sentencing). At a minimum, the government must establish sentencing facts by a preponderance of the evidence. U.S.S.G. § 6A1.3 (commentary). The facts presented in the presentence report regarding the alleged conduct underlying Mr. Hernandez-Garcia's prior conviction are not reliable. First, at the state change of plea hearing, the prosecutor said there was no valid consent to sex "because the victim was under the age of 18." Dkt. No. 17-1 at 19. Later, the prosecutor said the complainant was 15. *Id.* at 29. As the PSR notes, court records and the police report redact the complainant's name and age. Even the PSR acknowledges that "therefore, her exact age is unknown." PSR ¶19.

More importantly, Mr. Hernandez-Garcia maintained his innocence at the state change of plea hearing and only pled guilty as a "party to the crime" because he feared he could not get a fair trial. Dkt. No. 17-1 at 33, 38. He had an alibi, and other individuals' DNA was found in the bed where the complainant alleged she had intercourse. *Id.* at 33-34, 37. Despite the serious allegations, he was sentenced to probation with a 6-month jail term that had already been served by the time of his sentencing. *Id.* at 35; Dkt. No. 12-1

4

at 12. There is simply no reliable basis upon which to upwardly vary or depart based on the alleged facts underlying the prior offense.

The PSR also recommends a 3-year term of supervised release. The Guidelines, however, indicate that the Court normally should not impose a term of supervised release when the defendant is a deportable alien who will likely be deported after imprisonment. U.S.S. G. §5D1.1. As the application note indicates, "if a defendant returns illegally to the United States, the need to afford adequate deterrence and protect the public is adequately served by a new prosecution." *Id.* cmt. n.5.  This is Mr. Hernandez-Garcia's first illegal reentry conviction.  It is therefore not a case where "an added measure of deterrence" is warranted by the facts and circumstances. Moreover, Mr. Hernandez-Garcia has served over 24 months, when his correct guideline-range is 8-14 months. At a minimum, a reduction in the supervised release term is appropriate to compensate for the extra time that Mr. Hernandez-Garcia served in prison.

Finally, the PSR asserts that there are no mitigating circumstances in this case. But there is significant mitigation, as described in the original Sentencing Memorandum (Dkt. No. 35 at 4-8), and as supplemented below.

II.     **Sentencing Memorandum**

As set forth in the prior Sentencing Memorandum (Dkt. #35) and the PSR (¶¶29,37), Mr. Hernandez-Garcia has always worked hard to support his family. He came to this country at the age of 26 and assimilated into this country—learning to speak English fluently.  He has four children, three of whom were born in the United States.

5

He is very close to his children, as reflected by the letters they submitted on his behalf prior to the first sentencing. Mr. Hernandez-Garcia asks the Court to review those letter again.

Since the last sentencing hearing, he and his wife Lorena Hernandez ended their relationship after 24 years together, but they remain friends.  The children and Lorena sent him a lovely Father's Day card.

Mr. Hernandez-Garcia has no plans to return to the United States.  He has always accepted responsibility for his offense. As soon as he is released, he plans to obtain the paperwork necessary for his daughters to visit him in Mexico, and Lorena plans to cooperate with these efforts. His family has a horse-racing business in Mexico; he therefore can easily support himself there. He also has a Master's Degree from the University of Veracruz in Mexican Folklore.

Lastly, Mr. Hernandez-Garcia suffers from a number of health problems, including anxiety, depression, heart problems, sleep apnea, and back pain. He has had a difficult time obtaining treatment for his conditions while incarcerated. As soon as he is released and deported, he plans to seek medical attention in Nogales.

RESPECTFULLY SUBMITTED July 15, 2015.

JON M. SANDS
Federal Public Defender

 *s/ M. Edith Cunningham*
M. EDITH CUNNINGHAM
Assistant Federal Public Defender

6

*Certificate of Service:*

*I hereby certify that on July 15, 2015, I electronically transmitted this pleading to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants*:

Josh AC Ackerman,
Assistant United States Attorney

7